# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

IN RE:   JOHN LEON THOMAS, JR.

                Debtor.

NATHAN H. WASSER,

                Appellant,

v.                                  CIVIL ACTION NO.   2:15-cv-08956

JOHN LEON THOMAS, JR.,

                Appellee.

## MEMORANDUM OPINION AND ORDER

Pending before this Court is an appeal from an adversary proceeding in a bankruptcy matter before the United States Bankruptcy Court for the Southern District of West Virginia. For the reasons explained more fully herein, the decision of the bankruptcy court is **AFFIRMED**.

### I.   BACKGROUND

Nathan H. Wasser ("Appellant"), proceeding *pro se*, appeals the bankruptcy court's award of statutory damages to John Leon Thomas, Jr. ("Appellee") for communications Appellant sent to Appellee attempting to collect a debt during the pendency of Appellee's bankruptcy proceeding. The bankruptcy court entered an order on April 3, 2012, which Appellant misinterpreted as an order closing Appellee's bankruptcy matter without discharge. (*See* ECF No. 3-8 at 2.) Afterward, Appellant sent Appellee several documents related to the foreclosure of Appellee's residence, in violation of the bankruptcy stay. (*Id.* at 2–3.)   Appellee's counsel contacted

1

Appellant to inform him that the bankruptcy matter was still open, and Appellant verified this through the bankruptcy court's electronic filing system. (*Id.* at 3.) Appellant then cancelled the foreclosure sale. (*Id.*)

Appellee brought an adversary proceeding against Appellant in the bankruptcy matter. (*See* ECF No. 3-3.) The bankruptcy court determined that Appellant's actions violated the West Virginia Consumer Credit and Protection Act ("WVCCPA") and awarded Appellee statutory damages in the amount of $4,761.10. (ECF No. 3-8.)

Appellant timely filed a notice of appeal on June 29, 2015. (ECF No. 1.) This Court entered a briefing order on December 2, 2015. (ECF No. 4.) Appellant timely filed an opening brief on December 30, 2015. (ECF No. 5.) Appellee timely filed a response brief on January 15, 2016. (ECF No. 6.) Appellant did not file a reply brief. As such, the appeal has been fully briefed and is ripe for adjudication.

## II. LEGAL STANDARD

This Court reviews the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error. *In re White*, 487 F.3d 199, 204 (4th Cir. 2007). This Court "will not reverse a bankruptcy court's factual finding that is supported by the evidence unless that finding is clearly wrong." *In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014). "[A] finding is clearly erroneous only if, after reviewing the record, [this Court is] left with 'a firm and definite conviction that a mistake has been committed.'" *Id.*

## III. ANALYSIS

As an initial matter, Appellant's brief raises three issues. (*See* ECF No. 5 at 8.) He asserts that the bankruptcy court erred by asking Appellee to submit a request for attorney's fees in the adversary proceeding; however, Appellant represents that the issue is "moot" because

Appellee's "counsel never filed a request for attorney's fees." (*Id.* at 15.) Accordingly, this Court will not address it.

Further, Appellant argues that the bankruptcy court erred by finding that Appellee's actual damages were minimal because Appellee failed to prove any damages at all. (*Id.* at 13.) However, Appellant represents that he "believes it is not necessary to brief and argue this issue." (*Id.*) The Federal Rules of Bankruptcy Procedure require the appellant's brief to include "the argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. Bankr. P. 8014(a)(8). Appellant's brief fails to comply with this rule. (*See* ECF No. 5 at 13.) Accordingly, Appellant has abandoned this argument, and this Court will not address it. *See Suarez-Valenzuela v. Holder*, 714 F.3d 241, 248–49 (4th Cir. 2013) (holding, pursuant to identical language in Federal Rules of Appellate Procedure, that appellant abandoned claim on appeal by not presenting argument in opening brief); *see also In re Under Seal*, 749 F.3d 276, 290 (4th Cir. 2014) (suggesting that *pro se* litigants must comply with procedural rules).

The remaining issue Appellant raises is that the bankruptcy court erred by awarding statutory damages to Appellee despite concluding that Appellant's violations of the relevant statutes were the result of a "mistake" by Appellant. (ECF No. 5 at 13–15.) The bankruptcy court determined that Appellee was entitled to such damages because Appellant's conduct violated West Virginia Code § 46A-2-127(d) and § 46A-2-128(e). Appellant argues that the bankruptcy court's finding of "mistake" establishes that the violation of these statutes was unintentional, thereby excusing Appellant from liability.

Appellant does not contest that his conduct violates the statutes at issue. (*See* ECF No. 5 at 12.) Instead, he asserts that he is shielded from liability pursuant to West Virginia Code § 46A-5-101(8), which excuses a violation of the WVCCPA "[i]f the creditor or debt collector

3

establishes by a preponderance of the evidence that [the] violation is unintentional or the result of a bona fide error of fact notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error." The West Virginia Supreme Court of Appeals has not clarified the proof required to entitle a violator to the defense. However, in other cases under the WVCCPA, it has relied on case law interpreting the federal Fair Debt Collection Practices Act ("FDCPA") to explain the contours of the WVCCPA. *See, e.g.*, *Fleet v. Webber Springs Owners Ass'n*, 772 S.E.2d 369, 378 (W. Va. 2015); *Vanderbilt Mortg. & Fin., Inc. v. Cole*, 740 S.E.2d 562, 568 (W. Va. 2013) ("The [FDCPA] is the federal equivalent to the WVCCPA . . . ."). This Court concludes that the West Virginia Supreme Court of Appeals would do the same here.

The FDCPA's bona fide error defense requires a defendant "to show, by a preponderance of the evidence, that (1) it unintentionally violated the FDCPA; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 389 (4th Cir. 2014) (citing 15 U.S.C. § 1692k(c)). However, the text of § 1692k(c) differs from West Virginia Code § 46A-5-101(8) in a material respect: the FDCPA requires the debt collector to prove both "that the violation was not intentional *and* resulted from a bona fide error," 15 U.S.C. § 1692k(c) (emphasis supplied), while the WVCCPA provides that a debt collector is excused from liability if the violation "is unintentional *or* the result of a bona fide error," W. Va. Code § 46A-5-101(8) (emphasis supplied). Thus, this Court concludes that the West Virginia Supreme Court of Appeals would require proof of either an unintentional violation or a bona fide error.

Nonetheless, both statutes require the debt collector to utilize procedures aimed at avoiding statutory violations. *Compare* 15 U.S.C. § 1692k(c), *with* W. Va. Code § 46A-5-101(8). To be entitled to the defense under the FDCPA, the debt collector must explain "[t]he procedures themselves . . ., along with the manner in which they were adapted to avoid the [violation]."

4

*Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1007 (9th Cir. 2008); *see Johnson v. Riddle*, 443 F.3d 723, 729 (10th Cir. 2006). This Court concludes that the West Virginia Supreme Court of Appeals would impose a similar requirement given the parallel language in the WVCCPA.

Here, Appellant proffers no evidence that such procedures were in place at the time of the violations that are the subject of this appeal. Rather, he explains that he misread the bankruptcy court's order and erroneously believed that Appellee's bankruptcy proceeding was closed and the stay was no longer in place. (ECF No. 5 at 10.) Appellant therefore has not shown, "by a preponderance of the evidence," that the violations were "unintentional . . . notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation." W. Va. Code § 46A-5-101(8). The bankruptcy court did not err by awarding statutory damages to Appellee in this case.

## IV. CONCLUSION

For the foregoing reasons, the bankruptcy court's order is **AFFIRMED**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 10, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE